# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY ALLEN McCLOSKEY, JR., an incapacitated individual, by his guardian NAOMI McCLOSKEY, | : : : : | CIVIL ACTION |
| | : | No: |
| Plaintiff, | : : | |
| vs. | : : | |
| | : | |
| THE UNITED STATES OF AMERICA, | : : | |
| | : | |
| Defendant | : | |

## COMPLAINT

AND NOW, comes Plaintiff, LARRY ALLEN McCLOSKEY, JR., by and through his attorney, Arthur S. Cohen, and for his cause of action against the Defendant, avers the following:

1.      Plaintiff Larry Allen McCloskey, Jr. is an incapacitated individual residing at 1464 Pennsylvania Avenue, Tyrone, Pennsylvania. His mother, Naomi McCloskey is his legal guardian. (See attached Order labeled Exhibit "A")

2.       Defendant is the United States of America.

3.       The jurisdiction of this Court is based on the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680.

4.       At all times relevant hereto, the acts or omissions complained of in this complaint were committed by agents, servants, or employees of defendant acting within the course and scope of their agency and employment with the defendant.

5.      Plaintiff, in compliance with the provisions of the Federal Tort Claims Act, 28 U.S.C. §

2675(a), filed an administrative claim for damages arising from negligence committed by agents,

servants, workmen, and/or employees of the United States Public Health Service, on or about

July 22, 2009. ( Copy of which is attached as Exhibit "B") On June 4, 2010, Defendant denied

the administrative claim and the plaintiff received notice of such denial. (Copy of which is

attached as Exhibit "C")

6.      On or about July 22, 2009, plaintiff was admitted as an inpatient to the James Van Zandt

Veteran's Hospital in Altoona, Pennsylvania with a history of brittle diabetes, neuropathy, brain

damage, dementia, seizure disorder.

7.      Plaintiff needs to be constantly supervised because of the severity of his medical

conditions.

8.      At or about 6:00 p.m on July 22, 2010, the plaintiff was sitting in the hall across from the

nurse's station eating his evening meal.

9.      On or about July 22, 2010, nurses acting as agents, servants, workmen and/or employees

of defendant, in the course and scope of their employment, allowed the plaintiff to socialize

unsupervised privately with another patient, an eighty-four year old gentlemen with medical

conditions whose name is unknown to the plaintiff.

10.      In the course of the conversation, the elderly gentlemen placed both of his hands on the

plaintiff's left leg, on or about the knee, and moved his hands up plaintiff's leg to the thigh and

groin area almost coming in contact with his genitals, to which the plaintiff demanded that the

man stop touching him, at which point the man stopped and returned to his room.

11.      Immediately following the inappropriate touching, the plaintiff called his mother and

told her what had happened to him.  She then called the police at the hospital to inform them.

12.     In an investigation by Joseph Hindinger of the James VanZandt Police, nurses Pam Brant, Claudia Paul and Supervisor Deb Myers identified both patients and agreed that they were the only two patients in the hall by the nurse's station at the time of the alleged incident.  The nurses stated that they were not watching the patients all the time but did notice them throughout the course of performing their duties.  Pam Brant also indicated that the elderly gentleman had a history of making sexual suggestions to female staff in the past. (A copy of Investigative report is attached as Exhibit "D")

13.     Plaintiff's injuries, as hereinafter set forth, were directly and proximately caused by the carelessness, negligence, and inattentiveness of its agents, servants, workmen, and/or employees, and include but were not limited to the following: post traumatic stress disorder, anxiety, depression.

14.     The carelessness and negligence of defendant, acting by and through its agents, servants, workmen, and/or employees, consisted of the following:

(a) Failure to conform to the requisite standard of reasonable medical care and skill under the circumstances, and at the time, with respect to plaintiff;

(b) Failure to provide and render supervision of the incapacitated plaintiff while he was eating and conversing with another patient while being aware of the plaintiff and aggressor's physical and mental disabilities;

(c) Failure to recognize a foreseeable problem that was probable to exist in an unsupervised interaction between the plaintiff and the aggressor due to the their patient histories;

(d) Failure to properly select, train, and supervise its agents, servants, workmen, or employees to assure plaintiff reasonable treatment and care under the circumstances;

(e) Negligence as a matter of law; and

(f) Such other acts and/or omissions constituting carelessness, negligence, and

malpractice as may become evident during the course of discovery or at the trial of this

action.

15.    As a direct result of the aforementioned injuries, plaintiff has suffered, and will continue

to suffer for an indefinite time in the future, great mental anguish, to his great detriment and loss.


16.    As a further result of the aforementioned injuries, plaintiff has been unable to trust male

nurses and other who are needed to help care for him because of the event. In addition, plaintiff

has needed counseling in dealing with the event and has gotten treatment from a psychiatrist.


        WHEREFORE, plaintiff demands a judgment against defendant in an amount  in excess

of $100,000.00.


                                        Respectfully submitted,

                                        /s/Arthur S. Cohen

Date: 9/23/2010                         _____
                                        Arthur S. Cohen, Esq.
                                        Attorney for Plaintiff
                                        Attorney I.D. 18548
                                        104a Hollidaysburg Plaza
                                        Duncansville, PA 16635
                                        (814) 695-5518

| | | |
|---|---|---|
| LARRY ALLEN McCLOSKEY, JR., an incapacitated individual, by his guardian NAOMI McCLOSKEY, | : : : : | CIVIL ACTION No: |
| Plaintiff, | : : | |
| vs. | : : | |
| | : : | |
| THE UNITED STATES OF AMERICA, | : : : | |
| Defendant | : | |

## VERIFICATION

ARTHUR S. COHEN, ESQUIRE, hereby states that he is the attorney for the Defendant in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: 9/23/10

/s/Arthur S. Cohen
_____

Arthur S. Cohen, Esquire

| | | |
|---|---|---|
| LARRY ALLEN McCLOSKEY, JR., an incapacitated individual, by his guardian NAOMI McCLOSKEY, | : : : : | CIVIL ACTION No: |
| Plaintiff, | : : | |
| vs. | : : : | |
| THE UNITED STATES OF AMERICA, | : : : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Arthur S. Cohen, Esquire, hereby certify that a true and correct copy of the Complaint served via United States Postal Service, Regular Mail addressed as follows:

VA Pittsburgh Healthcare System
ATTN: James C. Sinwell, Esq.
7180 Highland Drive
Pittsburgh, PA 15206-1297

Date: 9/23/10

/s/Arthur S. Cohen
_____

Arthur S. Cohen, Esquire